# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:03cr127-03

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JEREMIAH CHAMBERS. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [Doc. 141], filed through counsel on March 25, 2008.

In response to the Government's Motion for Extension of Time [Doc. 144, filed April 14, 2008], the undersigned granted an extension through April 29, 2008. [Doc. 145, filed April 15, 2008]. The Government filed a timely response. [Doc. 151, filed April 29, 2008].

The Defendant pled guilty in 2003 to conspiracy to possess with intent to distribute at least 150 grams but less than 500 grams of cocaine base. [Doc. 36, filed November 18, 2003]. In the Defendant's plea agreement with the Government, the parties agreed that his base offense

level was 34 and that he should receive an adjustment pursuant to U.S.S.G. §3B1.2 for minimal participation. [Id.]. His base offense level was therefore set at 30 pursuant to U.S.S.G. §2D1.1(a)(3).[1] The Defendant received another adjustment for his role in the offense (-4), reducing his offense level to 26 and for acceptance of responsibility (-3), resulting in a final offense level of 23. [Doc. 142, filed April 11, 2008]. With a criminal history category of IV, the Defendant's guideline range was 70 to 87 months of imprisonment and he received a sentence of 70 months. [Id.].

U.S.S.G. §2D1.1(c) was amended in November 2007 (Amendment 706) to lower the base offense level for drug offenses involving cocaine base by two levels. U.S.S.G. §2D1.1 (2007); U.S.S.G. App. C. Amend. 706. This amendment has been made retroactive effective March 3, 2008. See, U.S.S.G. §1B1.10(c) (Mar. 3, 2008).

"In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the

---

[1] The 2003 version of the Guidelines provided as follows for U.S.S.G. §2D1.1(a)(3): "the offense level specified in the Drug Quantity Table set forth in Subsection (c) [shall be the offense level], except that if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30."

guidelines [at issue] been in effect at the time the defendant was sentenced." U.S.S.G. §1B1.10(b).  Applying the amendment to the guidelines calculation yields the following.  The base offense level for an offense involving between 150 grams and 500 grams of cocaine base would be calculated to be 32.  U.S.S.G. §2D1.1(c)(4).  Because the Defendant received an adjustment pursuant to U.S.S.G. §3B1.2, the base offense level of 32 is reduced by two levels.  U.S.S.G. §2D1.1(a)(3)(i).[2]  The Defendant's base offense level is therefore 30, the same as it was previously.  Applying the same reductions for role in the offense (-4) and acceptance of responsibility (-3), the Defendant's offense level remains at 23.  As a result, his advisory guideline range did not change.

The Court therefore concludes that the Defendant does not qualify under the Amendment for a reduction in sentence.

---

[2]The current version of this Guideline reads: "the offense level specified in the Drug Quantity Table set forth in subsection (c) [shall be the base offense level], except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels[.]"  It is, therefore, of no consequence whether the older version of §2D1.1(a)(3) is applied and the offense level is reduced to 30, or whether the current version of §2D1.1(a)(3) is applied and the offense level is reduced by two levels to 30.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [Doc. 141] is hereby **DENIED**.

Signed: May 6, 2008

Martin Reidinger
United States District Judge